IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| TERRY CARTER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:16CV00225-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Terry Carter, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that

has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)(B).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues, *inter alia*, that the Administrative Law Judge (ALJ) erred in determining he could perform light work and that he did not meet Listing 1.04 or 1.02. (Pl.'s Br. 5-13.)

A claimant is presumed disabled due to major dysfunction of a joint if he establishes the following:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> OR
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.
>
> . . .
>
> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
>
> OR
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
>
> OR
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404(P), App. 1, §§ 1.02 & 1.04.

The ALJ found Plaintiff's back disorder amounted to a "severe" impairment (Tr. 48), but determined this impairment did not meet or equal a listing. (Tr. 48-50.) The ALJ did not specifically state that she considered listing 1.02 (major dysfunction of a joint), but did explicitly consider listing 1.04 (disorders of the spine). (Tr. 49.)

Plaintiff unquestionably has a bad back. With regard to Listing 1.04, the first prong requires, "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. § 404(P), App. 1, § 1.04. Plaintiff's diagnostic tests show some irregularities with his back (Tr. 10-15, 18-21), but his medical records

fail to show any damage to or compromise of a nerve root or additional limitations as is required.[1] With regard to Listing 1.02, Plaintiff fails to show the inability to ambulate effectively or the inability to perform fine and gross movements effectively. *Id*. at § 1.02.

To meet or equal a listing, Plaintiff must prove that he met all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). Plaintiff's medical evidence wholly fails to meet all of the requirements of Listing 1.02 or 1.04. Therefore, the ALJ could correctly find that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. 48.)

Plaintiff also believes the ALJ incorrectly assessed his residual functional capacity. (Pl.'s Br. 5-12.) But the overall objective medical evidence supports the ALJ's conclusion that Plaintiff is capable of performing light work activities. The ALJ assessed that Mr. Carter "has the residual functional capacity to perform light work . . . except he is limited to occasional overhead reaching. He is limited to simple routine work and simple instructions. He is limited to occasional contact with supervisors, coworkers, and the general public." (Tr. 50.)

A review of Plaintiff's treatment records supports the ALJ's findings. Plaintiff's best evidence comes from the medical source statement by his treating physician, Kevin Diamond, M.D. (Tr. 504.) Dr. Diamond's findings are more in line with a finding of sedentary work. And, except

---

[1] Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b. 20 C.F.R. § 404(P), App. 1, § 1.04.

for his opinion on absenteeism, Dr. Diamond's statement still supports a conclusion that Plaintiff is not disabled. Nevertheless, the ALJ properly discounted Dr. Diamond's statement because it was not consistent with his own treatment records. (Tr. 54.) So the ALJ's conclusion that Plaintiff could perform light work activities is not out of line with the overall medical evidence and is supported by substantial evidence.

A Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and Plaintiff has simply not met this burden. The critical inquiry is whether Plaintiff has presented sufficient evidence to support his claim of disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff has advanced other arguments that I find are without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is

affirmed and Plaintiff's Complaint is dismissed with prejudice.

    IT IS SO ORDERED this 30th day of January, 2017.

                                      _____
                                      JOE J. VOLPE
                                      UNITED STATES MAGISTRATE JUDGE